# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER GOODVINE,**
       **Plaintiff,**

      **v.**                              **Case No. 13-CV-1057**

**DR. GEORGE MONESE,**
**DR. GANNON,**
**BYRON BARTOW,**
**DR. NICHOLAS BUHR, and**
**CAPTAIN TIMOTHY CASIANA,**
       **Defendants,**

---

## DECISION AND ORDER

Plaintiff, Christopher Goodvine, who is incarcerated at Columbia Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion to appoint counsel, and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $5.69. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled

to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v.

Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff describes actions by defendants at two institutions that led to two separate suicide attempts. Plaintiff first details psychological treatment he received from Dr. George Monese and medical treatment he received from Dr. Gannon at the Wisconsin Resource Center (WRC). He also discusses the actions (or lack thereof) of Byron Bartow, the Superintendent of WRC. Plaintiff then mentions his transfer to Columbia Correctional Institution (CCI) and relates the actions of Dr. Nicholas Buhr and Captain Timothy Casiana at CCI.

Based on my reading of plaintiff's complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507

3

F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

Although plaintiff sets forth Eighth Amendment claims regarding his medical and mental health treatment at both WRC and CCI, the facts underlying his claims took place at separate institutions, occurred at separate times, and involved entirely different defendants. Nothing in plaintiff's complaint ties these claims together or requires the claims to be litigated together. I find that plaintiff's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants at two separate prisons. Moreover, those prisons are located in different judicial districts.

Ordinarily, I would strike the original complaint because the George court instructed that such "buckshot complaints" should be "rejected." Id. I would direct plaintiff to file an amended complaint and choose which claims he would like to proceed on in this action, those that occurred at WRC or those that occurred at CCI. However, of the two institutions, only WRC is located in the Eastern District of Wisconsin. CCI is located in the Western District of Wisconsin. Therefore, I will dismiss the CCI defendants in this action and screen the claims in plaintiff's complaint against WRC defendants. If plaintiff decides to pursue the CCI claims, he must file a new action to do so. The appropriate venue for that action would be the Western District of Wisconsin.

Plaintiff has stated an Eighth Amendment claim for deliberate indifference to his mental health and medical needs against Dr. Monese. Plaintiff's allegations regarding Dr. Monese are very detailed and specific.

Plaintiff's allegations against Dr. Gannon are more limited. Plaintiff simply mentions that Dr. Gannon was aware that plaintiff was not eating and did nothing. This is sufficient to state an Eighth Amendment claim at screening.

Finally, plaintiff alleges that Bartow was aware of plaintiff's suicide attempt and impending transfer, but did not alert CCI about the suicide attempt or the fact that the item plaintiff used to hurt himself was not found. In the alternative, plaintiff submits that CCI was alerted and took no action. This alternative pleading suggests that plaintiff does not know whether Bartow knew about plaintiff's suicide attempt or whether Bartow advised officials at CCI about plaintiff's history. Nevertheless, construing the complaint liberally in plaintiff's favor, I will allow plaintiff to proceed on an Eighth Amendment claim against Bartow regarding his actions or failure to act.

Plaintiff also has filed a motion for the appointment of counsel and for the court to take notice of documents. Plaintiff asks me to look at the attachments to his motion to appoint counsel in Case No. 13-cv-0017 to show that he has satisfied the threshold requirement of attempting to secure counsel on his own.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If plaintiff makes a reasonable attempt

to secure counsel, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655).  This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions."  Id.

Although plaintiff attempted to secure counsel on his own in Case No. 13-cv-0017, the motion and affidavit in which he presented the names of attorneys he contacted was filed on January 30, 2013, over a year ago, and in an entirely different case.  Plaintiff has not asked attorneys to take this particular case.  He must do so to satisfy the threshold requirement.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. Nicholas Buhr and Captain Timothy Casiana be **DISMISSED** as defendants in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Dr. George Monese, Dr. Gannon, and Byron Bartow.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #2) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $344.31 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party.

7

Fed. R. Civ. P. 5(b).  The plaintiff should also retain a personal copy of each document.

If the plaintiff does not have access to a photocopy machine, he may send out identical

handwritten or typed copies of any documents. The court may disregard any papers or

documents which do not indicate that a copy has been sent to the opposing party or that

party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result

in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.

Failure to do so could result in orders or other information not being timely delivered, thus

affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge