# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,
       Plaintiff,

v.                                  Case No. 13-CV-1057

DR. GEORGE MONESE,
DR. GANNON[1], and
BYRON BARTOW,
       Defendants,

## DECISION AND ORDER

Plaintiff, Christopher Goodvine, is a state prisoner proceeding pro se on Eighth Amendment deliberate indifference claims against defendants regarding his time at the Wisconsin Resource Center (WRC) in 2012. Now before me are a number of motions filed by the parties.

### I. Discovery Motions

**A. Plaintiff's Motion to Compel (ECF 17)**

Plaintiff filed a motion to compel. He asked for an order directing defendants to supplement their response to his first requests for admissions and production of documents. He also asks me to allow plaintiff to depose defendants at their expense and to compel defendants to file all future discovery requests with the court. Finally, plaintiff asks the court to compel defendants to allow plaintiff to use his release-account funds to prosecute this case.

---

[1] Defendant's submissions reveal that this defendant's name is actually Dr. Carlo Gaanan. I will refer to Dr. Gaanan by his correct name from this point forward. The docket also will be updated to reflect the correct spelling of Dr. Gaanan's name.

Defendants contend that plaintiff did not meet and confer with them before filing this motion, which is required by Federal Rule of Civil Procedure 37 and Civil Local Rule 37. They also respond substantively to each of plaintiff's concerns about their discovery responses. Defendants further argue the Federal Rules of Civil Procedure do not provide for defendants to pay for plaintiff to depose them and that plaintiff's release account should not be accessed for litigation expenses. Finally, defendants submit that there is no requirement that they file their discovery responses with the court. Nevertheless, it appears that defendants have now filed most, if not all, of their responses to plaintiff's discovery requests, rendering this portion of plaintiff's motion moot.

With regard to the depositions, I will not order defendants to pay for plaintiff to take depositions in this case. I am aware of no authority that would allow me to enter such an order. Nor can I enter an order allowing plaintiff to access his release account to pay for litigation expenses. The defendants are not in charge of release accounts at the Wisconsin Department of Corrections, and thus I cannot order them to allow plaintiff access to his release accounts. Moreover, no authority of which I am aware would allow me to issue such an order to the Department of Corrections. Although the Prison Litigation Reform Act authorizes federal courts to order state prison systems to deduct filing fees from prisoner accounts, see 28 U.S.C. § 1915(b), there is no similar authorization that pertains to litigation expenses other than filing fees. Plaintiff suggests that the alternative is for me to order an increase in his legal loan, but again, a federal court has no authority to supervise a state's administration of legal loans to its prisoners. See Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003).

I will now turn to plaintiff's substantive complaints about defendants' discovery responses. Although defendants argue that plaintiff did not attempt to communicate with defense counsel to resolve the issues, plaintiff avers that he sent an extensive letter to defense counsel on May 29, 2014, in an effort to resolve the discovery issues, and that he received no response. Given the disagreement, I will consider the merits of the motion to compel.

Plaintiff characterizes defendants' responses as evasive, incomplete, and, in some cases, "outright untruths." (ECF 17, p. 1). I have reviewed each of the requests, responses, objections, and supplemental responses. I am satisfied that defendants have properly responded to the plaintiff's requests. Accordingly, the motion to compel will be denied.

**B. Plaintiff's Second Motion to Compel (ECF 36)**

In his second motion to compel, plaintiff sets forth his concerns about defendants' responses to a number of his interrogatories, requests for production, and requests for admissions. Once again, I reviewed each of the requests, responses, objections, and supplemental responses and am satisfied that the defendants have properly responded to plaintiff's requests. Accordingly, this motion to compel will be denied.

**C. Defendants' Motion to Submit Documents Under Seal (ECF 25)**

Defendants have refused to produce to plaintiff copies of WRC policies regarding self-harm and suicide risk management and hunger-strike medical management. Defendants object to the production of these policies to plaintiff because allowing plaintiff access to these policies could risk plaintiff's health and safety and also compromise the

3

safety and treatment of WRC staff as patients. Defendants' arguments are supported by the Declaration of Byron Bartow, which details numerous concerns about releasing these policies and concludes that it is imperative that these policies remain restricted from inmate access. Defendants have submitted copies of these policies to the court for me to review in camera, along with a motion to submit the documents under seal. I will grant defendants' motion to submit these documents under seal.

Additionally, I have reviewed these documents and conclude that defendants' objections are valid and there is good cause for these documents should not be produced to plaintiff.[2] Plaintiff argues that he is not likely to be back at WRC before he is released from custody in less than a year, and therefore it is not a danger to allow him access to the policies. This is not persuasive since similar policies may govern self-harm and suicide-risk management and hunger-strike medical management at other DOC institutions. Additionally, plaintiff could disseminate the information to other inmates who may be transferred to WRC. I have considered the possibility of a protective order limiting plaintiff's use of the documents, but I have concluded that the information in them is too sensitive to be released to an inmate, even for limited purposes. See Meriwether v. Faulkner, 821 F.2d 408, 417 (7th Cir. 1987) ("Prison officials must be accorded wide-ranging deference in matters of internal order and security.").

---

[2]I construe defendants' request to prevent plaintiff from obtaining the policies as a request for a protective order under Federal Rule of Civil Procedure 26(c)(1).

### D. Plaintiff's Motion for Order Directing Defendants to File Discovery Responses (ECF 37)

In this motion, plaintiff asks me to direct defendants to provide the court with a copy of their discovery responses. Plaintiff does not have the funds to copy these responses to submit with his motion to compel. He is litigating this case with a very small legal loan and must reserve funds to respond to defendants' motion for summary judgment. Following this motion, defendants voluntarily provided the court with a copy of their discovery responses. Accordingly, this motion is now moot.

## II. Plaintiff's Motion to Recruit Counsel (ECF 19)

Plaintiff filed a motion asking me to recruit counsel to assist him in prosecuting this case. He submits that he has met the threshold requirement of attempting to secure counsel on his own, that he has shown that he is indigent, and that his claims involve medical evidence and state-of-mind questions, which will make them particularly complex factually and legally.

Plaintiff also argues that his ability to investigate his case is being hindered because he cannot afford the cost of depositions and defendants are unwilling to allow plaintiff to depose witnesses by non-stenographic means. He suggests that defendants are withholding documents, e-mails, photos, incident reports, and are outright lying. See Santiago v. Walls, 599 F.3d 749, 762-65 (7th Cir. 2010) (District court should have recruited counsel for plaintiff who was transferred to another correctional facility and encountered difficulty conducting necessary pretrial discovery with uncooperative prison officials and defendants). Unlike many cases, where the court is not involved in the discovery process, I have seen much of the discovery in this case due to plaintiff's two

motions to compel.  My resolution of those motions above reveals that plaintiff has not had difficulty conducting necessary pretrial discovery, even if it is not all the discovery he wanted, and that defendants and prison officials have not been uncooperative.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case.  Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013).  As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  If plaintiff makes a reasonable attempt to secure counsel, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655).  This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions."  Id.

I conclude that plaintiff has shown he is more than competent to litigate these claims.  His sophisticated grasp of the facts and law and his clear and concise filings, including the materials he has submitted in opposition to defendants' motion for summary judgment, support my conclusion that he is competent to represent himself.  He is correct that medical claims can be complex, but the way that plaintiff has litigated this case shows that he is able to represent himself.  I also note that plaintiff has filed numerous cases in this district in recent years and thus has some experience in litigating claims in federal court.  Accordingly, plaintiff's motion to recruit counsel will be denied.

### III. Plaintiff's Motion to Dismiss Parties (ECF 28)

Plaintiff has moved to voluntarily dismiss his claims against Dr. Gaanan and Byron Bartow. That motion will be granted.

### IV. Plaintiff's Motions Regarding Summary Judgment

On August 18, 2014, defendants filed a motion for summary judgment addressing plaintiff's claims against all three defendants. I will now address a number of motions that plaintiff has filed in the course of briefing that motion, which is now fully briefed.

**A. Plaintiff's Motion for Extension of Time (ECF 41)**

First, plaintiff filed a motion for extension of time asking for 21 additional days to respond to defendants' motion for summary judgment. He cites when he received the motion and two times during the response period when he was on observation status due to suicide attempts. Although plaintiff's initial response ended up being timely, I will grant this motion.

**B. Plaintiff's Motion for Leave to Supplement (ECF 52)**

On the same day defendants filed their reply brief, the court received this motion and supplemental declaration from plaintiff. This supplement is limited to the October 15, 2012, psychiatric report prepared by Dr. Monese, and it was received within the 21 day extension time period plaintiff requested in his prior motion. I will consider plaintiff's supplemental declaration in opposition to defendants' motion for summary judgment. I do not believe that an additional reply from defendants is necessary.

**C. Plaintiff's Motion to Strike (ECF 54)**

On October 14, 2014, the court received this preemptive motion to strike defendants' reply materials, which plaintiff prepared on October 8, 2014. Defendants filed their reply materials on October 9, 2014, which is more than 14 days after September 17, 2014, the date plaintiff's response materials were filed. See Civil L. R. 56(b)(3). However, I do not consider this brief delay worthy of the sanction of striking the pleadings.

**D. Plaintiff's Motion for Oral Arguments (ECF 56)**

I do no consider oral arguments necessary to resolve defendants' motion for summary judgment. I will deny this motion.

**E. Plaintiff's Motion to Correct Record (ECF 57)**

In this motion, plaintiff notifies the court that the exhibits to his declaration (ECF 45) were incorrectly attached to his proposed findings of fact (ECF 47) instead of to his declaration. I will grant this motion and consider the attachments as exhibits to plaintiff's declaration.

I will issue a separate order resolving defendants' motion for summary judgment.

**VI. Order**

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel (Docket #17) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to seal document (Docket #25) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss party (Docket #28) is **GRANTED** and that Byron Bartow and Dr. Carlo Gaanan are **DISMISSED** as defendants to this action.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #36) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order directing defendants to provide court with a copy of their discovery responses (Docket #37) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #41) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to supplement summary judgment response (Docket #52) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Docket #54) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to hear oral arguments (Docket #56) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct summary judgment response (Docket #57) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge